that Mr. Miller submitted an election for a survivor annuity, which OPM subsequently lost or misplaced, we see no reason she would have earlier advanced contradictory arguments regarding Mr. Miller's intent to elect such a benefit. We find no reversible error in the Board's determination that Mrs. Miller failed to prove that Mr. Miller elected a survivor annuity for her. Substantial evidence supports the Board's factual findings and Mrs. Miller has failed to show that its decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[2]

CONCLUSION

For the reasons discussed above, we *affirm* the Board's holding denying Mrs. Miller entitlement to a survivor annuity benefit.

**AFFIRMED.**

COSTS

Each party shall bear its own costs.

QIMONDA AG, Appellant,

v.

**INTERNATIONAL TRADE COMMISSION,**
Appellee,

and

**LSI Corporation, Intervenor,**

and

**Seagate Technology, Seagate Technology (US) Holdings Inc., Seagate Technology LLC, and Seagate (US) LLC, Intervenors.**

No. 2010–1270.

United States Court of Appeals, Federal Circuit.

Jan. 18, 2011.

Brian R. Matsui, Morrison & Foerster LLP, of Washington, DC, argued for appellant. With him on the brief were G. Brian Busey, Mark E. Ungerman and Michael W. Maas; and Adam Keser, of McLean, Virginia.

Sidney A. Rosenzweig, Attorney, Office of the General Counsel, United States In-

---

2. Mrs. Miller also submitted copies of "Explanation of Benefits" forms from Anthem Blue Cross and Blue Shield alleging that her health insurance continued beyond Mr. Miller's death in support of her allegation that OPM lost or misplaced Mr. Miller's election of a survivor annuity. This Court expresses no opinion on her continued entitlement to health insurance. Because substantial evidence supports that Mr. Miller did not elect a survivor annuity for Mrs. Miller as required by 5 U.S.C. § 8339(j)(5)(C)(i) we must affirm. The fact that she continues to receive health benefits does not establish that Mr. Miller made the proper annuity election in writing as required by the statute.

ternational Trade Commission, of Washington, DC, argued for appellee. With him on the brief were James M. Lyons, General Counsel, and Andrea C. Casson, Assistant General Counsel.

Bruce S. Sostek, Thompson & Knight LLP, of Dallas, Texas, argued for all intervenors. With him on the brief for LSI Corporation were Jane P. Brandt, Herbert J. Hammond, Max Ciccarelli, Richard L. Wynne, Jr. and Michael Heinlen. Also on the brief for Seagate Technology, et al., were John M. Caracappa and Charles F. Schill, Steptoe & Johnson LLP, of Washington, DC.

Before RADER, Chief Judge,
GAJARSA and PROST, Circuit Judges.

### JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

**GENERAL PROTECHT GROUP, INC.,** **(formerly Known as Zhejiang Dongzheng Electrical Co.), G–Techt Global Corporation, Securelectric Corporation, and Warehouse–Lighting.Com, LLC, Plaintiffs–Appellees,**

and

**Central Purchasing, LLC and Harbor Freight Tools USA, Inc., Plaintiffs–Appellees,**

v.

**LEVITON MANUFACTURING CO., INC., Defendant–Appellant.**

**No. 2011–1115.**

United States Court of Appeals, Federal Circuit.

Jan. 18, 2011.

Before RADER, Chief Judge,
FRIEDMAN and LINN, Circuit Judges.

### ON MOTION

FRIEDMAN, Circuit Judge.

### ORDER

Leviton Manufacturing Co., Inc. moves for a stay, pending appeal, of the preliminary injunction entered by the United States District Court for the District of New Mexico. General Protecht Group, Inc. et al. and Harbor Freight Tools USA,